CEPHAS SOULE *vs.* HANNAH SOULE & another, administrators.

Plymouth.    October 18, 1892. — December 5, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Action for Salary — Evidence — Trial — Auditor's Report — Interest.*

In an action upon a promissory note, secured by a mortgage of real estate, oral evidence is admissible to show that the note has not been paid, although a discharge of the mortgage under seal recites that the mortgagee has received "full payment and satisfaction of the same."

An action, the declaration in which was upon an account annexed for a balance of salary covering three years, and upon a promissory note secured by a mortgage of real estate, was referred to an auditor, who stated the salary account for three years, " charging the plaintiff with the amount which in the declaration he admits having received," and showing a certain sum due him, which included interest on the balance due at the end of the first and third years to the date of the writ, and also interest allowed to the defendant on an overpayment to the plaintiff during the second year.   The report of the judge of the Superior Court, who tried the case without a jury, stated that the auditor's report and the discharge of the mortgage were all the evidence introduced at the trial, upon which he ruled that the items of interest contained in the auditor's report upon the items in the account annexed could not be recovered.   No objection was made that the facts were insufficiently reported by the auditor, and no motion was made to recommit the report.   *Held*, that the ruling was right.

An agreement by one person to pay another a yearly salary for services, beginning on a certain day and expiring on another. does not, as matter of law, import

an agreement to pay the salary at a particular time; and, in an action for such salary after the expiration of the year, interest, in the absence of evidence of a demand for payment, is recoverable only from the date of the writ.

CONTRACT, against the administrators of the estate of Oakes S. Soule. The declaration contained several counts, one of which was upon an account annexed, containing three items, each for one year's salary, beginning March 1, 1888, amounting in all to $3,150, and interest to March 19, 1890, amounting to $497.88, and also containing a large number of items of credit; and another count was upon a promissory note for $2,000, dated February 27, 1871, payable in one year to the plaintiff or his order, with interest at seven and three tenths per cent per annum, payable semiannually, signed by the defendants' intestate, and secured by a mortgage of real estate. The answer contained a general denial, and alleged payment.

Trial in the Superior Court, without a jury, before *Dunbar*, J., who, at the request of the parties, reported the case for the determination of this court, in substance as follows.

The report of an auditor, to whom the case had been referred, was put in evidence, the material portions of which are as follows:

" The plaintiff worked for his brother, O. S. Soule (the defendants' intestate), for a yearly salary. In their dealings on this subject of salary of the plaintiff, the brother used a small account-book of the plaintiff's, and for a number of years prior to 1888 in this book the plaintiff entered items of charges against himself to the credit of his employer, and at some time each year the book was given by the plaintiff to O. S. Soule to examine, and settlements, when made, were made to March 1st. In 1887 they had a final settlement to March 1, 1887. Within a few weeks after March 24, 1888, the plaintiff handed his brother the plaintiff's account-book, containing memoranda of accounts of money or goods received by the plaintiff, or retained by him from money collected for his brother since the last settlement. O. S. Soule retained the book in his possession for a few weeks, and less than a month, and then the plaintiff took it from the office and saw from the book that O. S. Soule had entered $750 as the salary of the plaintiff for the year March 1, 1887, to March 1, 1888. I state the salary account for three years, as follows, charging the plaintiff with the amount which in the declaration he admits having received." Then followed an

itemized account, showing the amount due on account of salary to be $740, which included interest on the balance due at the end of the first and third years to the date of the writ, and also interest allowed to the defendants on an overpayment to the plaintiff during the second year.

" The next item of the plaintiff's declaration is a note for two thousand dollars. The defendant claimed that the note was paid January 15, 1890, when the mortgage given to secure this note was discharged by the plaintiff. I do not find any payment on this note, except as admitted in the declaration, and find to be due on this note: Principal, $2,000; interest from February 27, 1872, to March 19, 1891, $2,782.76.

" The note for $2,000 declared on by the plaintiff was secured by a mortgage, and on January 15, 1890, the mortgage was discharged by a discharge in ordinary form, under seal, which stated that the mortgagee acknowledged that he had received from the mortgagor named in the mortgage 'full payment and satisfaction of the same.' The plaintiff's counsel asked the plaintiff to 'state what was said in reference to a discharge of mortgage, the first time it was mentioned,' and counsel said he offered this to show that the note was not paid, and was retained by the plaintiff, with the consent of O. S. Soule. The defendants objected to evidence to contradict the language of the discharge. I admitted the question, and plaintiff answered, 'January 1, 1890, O. S. Soule said to me, "I am going to give a deed of the lumber yard, and when I do, I want you to sign a discharge, and as quick as I have given deed I shall settle up with you." I said I would do it.' The plaintiff's counsel asked the plaintiff whether any part of the note had been paid, which question was objected to by the defendants, on account of the discharge; but I admitted the question. The plaintiff's counsel asked the plaintiff to state a conversation between himself and O. S. Soule, on the 16th of January, relating to the settlement of the note, and the defendants objected. I admitted the evidence."

The auditor's report and the discharge of the mortgage were all the evidence introduced at the trial. Upon the evidence, the defendants requested the judge to rule that the plaintiff could not recover for interest upon any of the items in the account annexed, prior to the date of the writ, and that the plaintiff could not recover upon the count on the promissory note.

The judge ruled that the items of interest contained in the auditor's report upon the items in the account annexed, and upon the credit items, could not be recovered in this action on this evidence; and that the plaintiff could recover, upon the count on the note, the amount reported by the auditor. If the plaintiff could recover the items of interest and upon the note, judgment was to be entered on the auditor's report. If the plaintiff could not recover the items of interest, and could recover upon the note, judgment was to be entered on the auditor's report, excluding such items of interest on the items of the account annexed as were allowed the plaintiff and defendants respectively by the auditor.

*J. White & W. Goddard,* for the plaintiff.

*H. Kingman,* for the defendants.

MORTON, J. It is well settled that the recital of the payment of the consideration in a deed is only *prima facie* evidence of payment, and may be rebutted by parol testimony. *Wilkinson v. Scott,* 17 Mass. 249. *Clapp v. Tirrell,* 20 Pick. 247. *Clark v. Deshon,* 12 Cush. 589. *Ely v. Wolcott,* 4 Allen, 506. *Egan v. Bowker,* 5 Allen, 449, 451. The evidence objected to was therefore rightly admitted by the auditor, and there is nothing to show that there was any error in the ruling of the court that the plaintiff was entitled to recover the amount found due by the auditor on the note.

We think the fair construction of the case as it comes to us is that it was tried in the Superior Court on the footing that whether interest was or was not due was to be determined by the facts stated in the auditor's report, and such inferences as might be properly drawn from them. No objection seems to have been made that the facts were insufficiently reported, and it does not appear that any motion was made to recommit the report.

The plaintiff contends, in substance, that when one agrees to pay another a yearly salary, beginning on one date and expiring on another, he agrees to pay the salary at the expiration of the year, and that therefore interest is payable so long as the salary or any part of it remains unpaid after the expiration of the year. We do not think this is correct. An agreement to pay a yearly salary is simply an agreement to pay so much for services by or

for the year, and no more imports that the amount is to be paid at a particular time than the purchase of any other commodity, in the absence of any usage or understanding express or implied to that effect, imports that the price is to be paid at any particular time. The case falls, therefore, among those in which interest is not recoverable until demand for payment is made; and no demand for payment having been made, interest is to be reckoned from the date of the writ. The ruling of the court was right in this respect also.

*Judgment on the auditor's report, excluding such items of interest on the items of the account annexed as were allowed the plaintiff and defendants respectively by the auditor.*