(May 5, 1899.)

## BARGHOORN v. MOORE.

### [57 Pac. 265.]

CONTRACT—PAROL EVIDENCE CONTRADICTING RECEIPT.—In a suit grow-
ing out of a contract of settlement which is not reduced to writ-
ing, the contract itself may be proven, although the evidence
proving it contradicts recitals in a receipt connected with the
transaction.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

C. J. Orland, for Appellant.

Idaho Code, section 3465, provides how negotiable instru-
ments may be transferred; those made payable to a person
named or his order are payable to the written order of the payee;
there can be but one construction of this section of the code,
relative to the transfer of negotiable paper in Idaho, and that
is, that the title does not pass to such paper made to order, ex-
cept upon the written order of the payee. (*Smalley v. Wight,*
44 Me. 442, 69 Am. Dec. 112; *Lancaster v. Baltzell,* 7 Gill & J.
468, 28 Am. Dec. 233; *Foltier v. Schroeder,* 19 La. Ann. 17,
92 Am. Dec. 521; *Kohn v. Watkins,* 26 Tex. 691, 40 Am. Rep.
336; *Durein v. Maeser,* 36 Kan. 441, 13 Pac. 797; *Hedges v.
Seely,* 9 Barb. 215; *Bilderback v. McConnell,* 48 Mich. 345, 12
N. W. 195; *Spinning v. Sullivan,* 48 Mich. 5, 11 N. W. 758;
*Asgood v. Arl,* 17 Fed. 575.) The contract with reference to
this entire transaction is all in writing, and being all one
transaction occurring at the same time, should all be construed
as one instrument and as constituting the contract. (*Treadwill
v. Archer,* 76 N. Y. 197; *Knowes v. Toone,* 96 N. Y. 534; *Ameri-
can G. & V. Co. v. Wood,* 90 Me. 516, 38 Atl. 548; *Keith v. Mil-
ler,* 174 Ill. 64, 51 N. E. 151.)

Forney, Smith & Moore, for Respondent.

The rule that excludes parol evidence in contradiction of a
written agreement has no application if the writing was not
delivered as a present contract, and the effect of the delivery

and the extent of the operation of the instrument, such as a promissory note, may be limited as between the original parties thereto by the conditions with which delivery is made. (*Burke v. Dulaney,* 153 U. S. 228, 14 Sup. Ct. Rep. 816; *Corlies v. Howe,* 11 Gray, 125, 71 Am. Dec. 693; *Benton v. Martin,* 52 N. Y. 570; *Pennsylvania Ins. Co. v. Crane,* 134 Mass. 56, 45 Am. Rep. 282; *Westeman v. Krumweide,* 30 Minn. 313, 15 N. W. 255; *Juilliard v. Chaffee,* 92 N. Y. 529.) Plaintiff's exhibit "E" is a receipt, and may be varied, explained or contradicted by parol. (*Morse v. Rice,* 36 Neb. 212, 54 N. W. 308; *Groesbeck v. Marshall,* 44 S. C. 538, 22 S. E. 743; *Allen v. Tacoma Mill Co.,* 18 Wash. 216, 51 Pac. 372; *Corlies v. Howe,* 11 Gray, 125, 71 Am. Dec. 693; *White v. Merrill,* 32 Ill. 511; *Galveston H. & A. Ry. Co. v. House,* 4 Tex. Civ. App. 263, 23 S. W. 232; *Bloomingdale v. Durrell & Co.,* 1 Idaho, 33; *Smith v. Caldwell,* ante, p. 436, 55 Pac. 1065.) In the case of *Allen v. Tacoma Mill Co.,* 18 Wash. 216, 51 Pac. 372, the defendant offered in evidence an instrument in the following words and form: "Received from T. M. Co. $988, being in full settlement of all claims and demands for all logs contained in rafts received and scaled by said company November 19th, and we hereby accept the scale of T. M. Co. on said logs, which is 227,128 feet. Hoods Canal Lumber Co., by A. J., Pres." When the evidence was all in, counsel for defendant below and appellant above asked for a peremptory instruction to the jury to return a verdict for the defendant on the ground that the instrument was a contract and could not be varied by parol. This was refused by the trial court; plaintiff had judgment and defendant appealed. The supreme court of Washington held that the instrument was nothing more nor less than a receipt and could be explained by parol evidence. Judgment was affirmed.

QUARLES, J.—Plaintiff sued upon a promissory note executed to the Moscow National Bank of Moscow by defendant, for $1,500. The answer specifically denies the allegations of the complaint, and, as a second defense, avers that in November, 1893, H. K. Moore, a son of the defendant, was indebted to the Moscow National Bank of Moscow in the sum of $9,048.50, secured by pledge of certain notes payable to said H. K. Moore,

and secured by trust deed to certain real estate in Moscow, Latah county; that at said time defendant was the owner of a certain promissory note executed by the Idaho Builders' Supply Company (a corporation), H. R. Smith, C. H. Henderson, T. J. Taylor, C. A. Cochran, W. A. Lauder, and William Lauder, as original makers, payable to the order of the defendant, for the sum of $1,500, payable August 25, 1893, with interest from that date at the rate of one and one-quarter per cent per month until paid, secured by mortgage upon real estate in Moscow, Latah county; that, after the execution of said mortgage to defendant, M. J. Field's Company (a corporation) purchased said mortgaged premises; that in November, 1893, the said Moscow National Bank, through R. S. Browne, its president, entered into an agreement with the defendant whereby said indebtedness of H. K. Moore to it was canceled, in consideration of the pledged notes due to said H. K. Moore from different parties, aggregating $4,497, the note of defendant then executed to said bank for $3,000, due one year after date, and the note executed to defendant by the Idaho Builders' Supply Company and others (except the interest that had accrued thereon), and the said bank conveyed to defendant the real property held by it in trust as aforesaid; that at that time the president of said bank falsely and fraudulently, and with intent to deceive and defraud the defendant, represented to defendant that, by the regulations pertaining to national banks, said bank would not be able to carry said Idaho Builders' Supply Company's note among its bills receivable, for the reason that said note was past due, and then requested defendant to execute the note sued on, for the purpose that it might appear among the bills receivable of said bank, to its credit, in lieu of and in place of said note of the Idaho Builders' Supply Company transferred to said bank by the defendant, and for no other purpose; that she relied upon said representations, and believed them to be true, and executed the note sued on, that it might appear among the assets of said bank in lieu of said Idaho Builders' Supply Company, and for no other purpose; that said bank caused the mortgage securing said Idaho Builders' Supply Company's note to be foreclosed by action in the name of the de-

fendant, the mortgaged property to be sold under foreclosure proceedings, and bid in, in the name of the defendant, without her knowledge or consent, for the purpose of defrauding and cheating the defendant; that the defendant claims no interest in said premises by reason of said sale, or in the judgment and decree in said action, or in any deficiency judgment entered therein, and that she is, and at all times has been, ready and willing to assign and transfer said mortgaged property, and the decree and deficiency judgment in said action, to said bank, or to any other person whom the court may judge to be entitled thereto, and she is now ready and willing to so convey said premises and assign said judgment to whom the court may direct, and that she has no knowledge, or information sufficient to form a belief, as to who is the owner of said premises and judgment, or who is entitled to a conveyance thereof; that the plaintiff, at the time the note sued on was assigned to him, well knew all of said facts, and well knew that said note was executed by the defendant to said bank for accommodation, without consideration, and under the circumstances aforesaid. The cause was tried before the court and a jury, and a verdict rendered in favor of the defendant, which was duly received and recorded, and upon which judgment was duly entered in favor of the defendant. The plaintiff moved for a new trial, which was denied him, and he appeals both from the judgment and the order denying a new trial. The evidence is contained in plaintiff's bill of exceptions.

A careful consideration of the evidence convinces us that the verdict of the jury is supported by the evidence, and that the allegations of the answers are proven. The errors, as assigned by appellant, and upon which a reversal is sought, relate to rulings of the court in admitting evidence. It appears that the negotiations relating to the settlement of the H. K. Moore indebtedness to the bank extended through a period of several days; that at the time it was closed, and the notes of defendant delivered, Browne, the president of the bank, was hurrying to leave Moscow for Portland, and that the matter was hurriedly closed; that the bank, through its president, gave the defendant the following receipt, to wit:

"Moscow, Idaho, Nov. 29, 1893.

"Rec'd from Mrs. Julia A. Moore note signed by Idaho Builders' Supply Comp'y, dated Aug. 25, '92, due one year, for $1,500, at 1¼ per cent. Said note left as collateral security to Julia A. Moore note, dated Nov. 8, '93, due Jan. 1st, 1895. Said note and mortgage to be foreclosed against said I. B. S. Co., and proceeds applied on said note of Julia A. Moore as fast as so collected. Said foreclosure to take place in next term of court (spring term).

(Signed)    "R. S. Brown, Pt."

Appellant contends that the court erred in permitting the defendant to prove, by oral evidence, the contract, on the ground that such evidence contradicted a written instrument. We think the evidence was proper. The contract between the parties was not reduced to writing. It was oral. In performing the contract, defendant transferred the Idaho Builders' Supply Company note to the bank, and gave the bank her note for $3,000, which she afterward paid. She also, to accommodate the bank, without consideration, gave the bank the note sued on in this case, under promise from the president of the bank that it would not be collected, but used solely in making a showing of assets under the United States banking laws. The receipt quoted above was a memorandum signed by only one of the parties, and misrepresented some of the facts relating to the transaction between the parties. Such receipt did not preclude the parties from showing the contract made by them. Plaintiff took the note sued on from the payee with full knowledge of all the facts, after maturity, and stands in the same position as the payee would, if the payee was plaintiff. The evidence objected to was properly admitted. We find none of the assignments of error well founded, wherefore the judgment and order appealed from are affirmed. Costs of appeal awarded to the respondent.

Huston, C. J., and Sullivan, J., concur.