FERNÁNDEZ, PLAINTIFF AND APPELLANT, v. MARSHAL OF THE DISTRICT OF SAN JUAN, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in an action to set aside an execution sale and the marshal's deed.

No. 1007.—Decided January 26, 1914.

EXECUTION SALE—ACTION AGAINST MARSHAL TO SET ASIDE EXECUTION SALE—RESPONSIBILITY OF MARSHAL—DESCRIPTION OF PROPERTY.—An action to set aside an execution sale and the marshal's deed executed in consequence cannot be prosecuted successfully against a district marshal who has acted in compliance with a writ of execution issued by a competent court on the ground that the property sold was of much less area than that set out in the writ of execution, for the marshal is not required to inquire whether the property to be sold is or is not of the area stated in the writ of execution.

RESPONSIBILITY OF MARSHAL—EXECUTION OF PROCESS.—A marshal of a district court acting under process issued by the court having jurisdiction is not responsible for the acts which he performs in complying with said process.

ID.—EXECUTION SALE—REPRESENTATION OF MARSHAL.—Even supposing that a marshal of a court acts in representation of the defendants in executing a deed of sale to property sold by public auction, such representation ceases when he has complied with the writ of execution.

The facts are stated in the opinion.

*Mr. Pedro González* for appellant.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The facts upon which the present case originated are the following:

Andrés Fernández, as plaintiff, having prosecuted a suit

in the District Court for the Judicial District of San Juan against Natalia, Antonio, Ana, Matías, and Florentino Escalera Calderón and Nicolasa Calderón Verdejo, as defendants, for the sale of a certain property owned in common, a judgment was rendered ordering said sale and a writ of execution was issued to the marshal of said court for that purpose.

The marshal advertised the said property for sale at public auction, which property is described as situated in the place called Machuchal of the northern section of the ward of Santurce of this city composed of 7,000 square meters, bounded on the north by the Loíza Road; on the west by property of Rafael Ojeda; on the south by property of Belén Requena, and on the east by property of the Succession of Agapito Escalera Sidra, and containing a one-story frame building with a zinc roof 8 meters in front by 9 meters deep, and another small house of 2.50 meters in front by 4 deep, and a wooden hut roofed with zinc 10 meters in front by 6 meters deep.

On October 30, 1912, the whole property was adjudicated to Barbarita Fernández Látimer for the sum of $50, which she paid at the time of the auction sale, and an additional $3,000, the amount of a mortgage credit in her favor on the said property. The proper deed of sale was executed by the marshal in her favor before Notary Eugenio Benítez Castaño on November 22, 1912. The survey and plans made at the instance of the purchaser by Surveyor Armando Morales show that under the boundaries set out in the description of the property it does not contain 7,000 square meters but only 3,505, and that the house 8 meters in front by 9 meters deep is not on the said property, but is situated on lands belonging to Josefina Puigdollers, according to the statement of her father, Antonio.

In view of these facts and the said Barbarita Fernández further alleging that she was induced to make the purchase and accept the deed by the erroneous description of the property made by the marshal in the notices published, represent-

ing the property to contain an area of 7,000 square meters, when, as a matter of fact, it contained only 3,505, and that it contained a wooden house situated on lands belonging to another person, and adding that the marshal acted in representation of Natalia, Antonio, Ana, Matías, and Florentino Escalera Calderón and Nicolasa Calderón Verdejo, the said Barbarita Fernández brought an action in the District Court of San Juan, Section 1, on April 28, 1913, against the marshal of said court praying that judgment be rendered setting aside the auction sale of October 30, 1912, and annulling the said deed of sale of November 22, and that matters be left as they were prior to the execution of said acts, with costs, expenses and attorney's fees against the defendant marshal as representative of the persons in whose names he acted, together with such other pronouncements as may be proper in connection with the restitution provided for in section 1270 of the Revised Civil Code.

The defendant marshal, Ramón Martínez Reyes, represented by the *fiscal* of this court, demurred to the complaint on the ground that the facts stated therein did not constitute a cause of action, which demurrer was sustained by a ruling of May 25, 1913.

The plaintiff moved for a reconsideration of the said order, which motion the court overruled and rendered judgment on August 1, 1913, dismissing the complaint with costs on the plaintiff. The attorney for Barbarita Fernández Látimer appealed from the said judgment to this court.

As the complaint was filed against the marshal of the District Court of San Juan, we have to consider only whether the facts stated therein constitute a cause of action against the said marshal.

According to section 14 of the Act of March 10, 1904, creating the office of district marshal, "A marshal or other ministerial officer is justified in the execution of and must execute all process and other orders regular on their face and issued by competent authority, whatever may be the defect

in the proceedings upon which they were issued.'' The District Court of San Juan had jurisdiction to issue the said writ of execution to its marshal and therefore the latter was bound to execute it as he did. It was not his duty to inquire whether the property to be sold at public auction contained the area set out in the writ, and both in effecting the sale and in executing the deed of sale to the property he acted as a ministerial officer of the court created by law and he was not authorized to raise objections to the execution of any order issued to him.

According to the distinguished commentator Murfree in his work on Sheriffs, section 101a, page 67, it is incontestably true as a general principle that a ministerial officer acting under process fair upon its face and issuing from a tribunal or person possessing judicial powers, with apparent jurisdiction to issue such process, is justified in obeying it, and is protected thereby against all irregularities and illegalities except his own. See authorities cited.

The same principle is laid down in 35 Cyc., 1737, where it is stated that it is well established as a general rule that the process, judgment or order of a court affords complete protection to its sheriff or constable from liability for any proper or necessary act done in its execution.

In support of the said rule the following citations are made: 61 Cal., 640; 9 Conn., 216; 9 Conn., 140; 6 Ida., 534; 82 Ill., 334; 121 La., 243; 87 N. Y., 56; 72 Tex., 445.

There is no allegation in the complaint to the effect that the defendant marshal deviated in the slightest degree from the writ of execution issued to him or committed any irregularity or illegality in its execution. On the contrary, the attorney for the appellant states in his brief that the marshal did not act in his own behalf but by force of law and therefore had no interest whatever in hiding or misrepresenting the real area of the property or in making it appear that the property contained buildings which were not really within its real boundaries.

Nor can it be maintained that the marshal was sued as the agent of the owners of the property sold, because, supposing this to be the case, although it is not so alleged in the complaint and although in point of fact the acts of the auction and sale of the property bound the said owners, the agency of the marshal ceased when he had satisfied the writ of execution issued to him.

The marshal could not nor can he conform to the complaint by allowing matters to be left as they were before the said auction and sale, therefore he cannot be bound to the same by a judgment. As will be seen, both according to our local law and according to the doctrine cited, the allegations of the complaint do not constitute a cause of action against the defendant marshal, and therefore the judgment appealed from should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.