(December 11, 1926.)

# H. G. BERRYMAN, Administrator of the Estate of C. W. BERRYMAN, Deceased, Appellant, v. L. B. DORE and VIOLA D. DORE, Respondents.

[251 Pac. 757.]

TRIAL BY JURY—MARGINAL SATISFACTION OF MORTGAGE HELD MERELY RECEIPT — PAROL EVIDENCE ADMISSIBLE CONCERNING INTENT TO RELEASE NOTE—FRAUD MUST BE PLEADED—MORTGAGOR'S CONSENT TO RELEASE OF MORTGAGE—ERRONEOUS INSTRUCTIONS—EFFECT OF MORTGAGEE'S RELEASE WITHOUT CONSIDERATION — REFUSAL TO DIRECT VERDICT.

1. There being questions of fact to be submitted to the jury, it was not error for court to decline to try the case without a jury.

2. When release without consideration of mortgage securing note is with consent of mortgagor, action is maintainable on the note.

3. Certification stamped on margin of mortgage record, and signed by mortgagee, that mortgage and secured indebtedness was fully paid, satisfied and discharged, is not a contractual release or renunciation of rights, but a mere receipt, permitting parol evidence that payment was not made, and that release of note was unintentional and by mistake.

4. To meet claim of plaintiff in action on note that by the words stamped on margin of mortgage record, and signed by him, without consideration, "I hereby certify that this mortgage and the indebtedness secured hereby is fully paid, satisfied and discharged," he did not intend to release note as well as mortgage, but that such release was unintentional and by mistake, and as bearing on his understanding of the recital, evidence that he had satisfied many other mortgages by marginal releases in which the same rubber stamp was used was admissible.

5. Fraud, to be available as a defense, must be pleaded.

6. As bearing on plaintiff's contention that his satisfaction without consideration of defendant's mortgage to him was with defendant's consent, entitling him to sue on the note secured, evidence of defendant's subsequently mortgaging the land to another, and selling the land clear of the mortgage to plaintiff, is competent.

7. Evidence being immaterial to the pleaded issues, motion to strike should be granted.

8. There being no issue of fraud or evidence to support estoppel, it is error to give instructions submitting such matters.

9. Instruction to find for defendant if plaintiff renounced in writing his rights on note sued on, and such renunciation was absolute and unconditional, was erroneous in not explaining that the release would not have that effect if the release of the note recited in the release of mortgage was, as claimed by plaintiff, unintentional and by mistake.

10. Where mortgagor consents to release without consideration of mortgage, he is personally liable on the note without any new promise of any kind to pay it.

11. There being material issues on which the evidence presented questions of fact for the jury, refusal to direct verdict was proper.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Action on promissory note. Judgment for defendant L. B. Dore. *Reversed and remanded.*

Peterson & Coffin, for Appellant.

The burden rests upon one who depends upon fraud to plead and prove it. (*Bretthauer v. Foley*, 15 Cal. 19, 113 Pac. 356; *St. Louis & S. F. R. R. v. Reed*, 37 Okl. 350, 132 Pac. 355; *Anchor Buggy Co. v. Houtchens*, 59 Wash. 697, 109 Pac. 1019; *Allen v. Kane*, 79 Wash. 248, 140 Pac. 534; *Coates v. Marsden*, 142 Wis. 106, 124 N. W. 1057; *Shebley v. Quatman*, 66 Or. 441, 134 Pac. 68; *Fehr v. Haworth*, 33 Ida.

Publisher's Note.

3.  See 23 R. C. L. 387; 10 R. C. L. 1025.

5.  See 12 R. C. L. 416.

11.  See 26 R. C. L. 1067.

See Bills and Notes, 8 C. J., sec. 1394, p. 1072, n. 84, 89.

Contracts, 13 C. J., sec. 894, p. 744, n. 86.

Evidence, 22 C. J., sec. 1520, p. 1135, n. 22; sec. 1526, p. 1139, n. 44; p. 1140, n. 45.

Fraud, 27 C. J., sec. 144, p. 28, n. 50.

Mortgages, 41 C. J., sec. 995, p. 824, n. 12, 13.

Trial, 38 Cyc., p. 1271, n. 43 New; p. 1404, n. 47 New; p. 1537, n. 45; p. 1539, n. 46; p. 1615, n. 21; p. 1618, n. 36.

96, 190 Pac. 248; *Moser v. Pugh-Jenkins Co.*, 31 Ida. 438, 173 Pac. 639, L. R. A. 1918F, 437.)

A mortgage securing a note may be released without releasing the note. (27 Cyc. 1429.)

The so-called release is merely a receipt and its terms may be explained, varied or contradicted by parol. (*Gagnon v. Molden*, 15 Ida. 727, 99 Pac. 965; *Barghoorn v. Moore*, 6 Ida. 531, 57 Pac. 265.)

Such instruments are in nowise contractual in their nature, but are mere acknowledgments and the reason which has given rise to the parol evidence rule has no application. (*Farmers' Savings Bank v. Aldrich*, 153 Iowa, 144, 133 N. W. 383; *Strawn v. Missouri K. & T. R. Co.*, 120 Mo. App. 135, 96 S. W. 488; *Hennessy v. Kennedy Furniture Co.*, 30 Mont. 264, 76 Pac. 291; *Ramapo Foundry & Wheel Wks. v. Carey*, 113 N. Y. Supp. 10.)

The principle admitting parol evidence to vary the terms of written instruments does not rest upon the ground of fraud, accident or mistake, and hence it is not necessary, in order to form a basis for admission of such evidence, that the pleading should contain an allegation thereof. (*Stamper v. Cornett* (Ky.), 121 S. W. 623; *Gulf C. & S. F. R. Co. v. Jones*, 82 Tex. 156, 17 S. W. 534; *Taylor v. Merrill*, 64 Tex. 494.)

"A discharge under seal to defendant of a mortgage held by a plaintiff to secure a note given by defendant to plaintiff is only *prima facie* evidence of the payment of the note which may be reviewed by parol." (*Soule v. Soule*, 157 Mass. 451, 32 N. E. 663; *Thompson v. Avery*, 11 Utah, 214, 39 Pac. 829.)

Whitcomb, Cowen & Clark, for Respondents.

There can be but one action for the recovery of any debt secured by mortgage upon real or personal property. (C. S., secs. 6949–6955.) The remedy by foreclosure is exclusive. (*Cederholm v. Loofborrow*, 2 Ida. (176), 191, 9 Pac. 641; *First Nat. Bank v. Williams*, 2 Ida. 670, 23 Pac. 552 (618); *Clark v. Paddock*, 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475;

*Kelly v. Leachman,* 3 Ida. 392, 29 Pac. 849; *Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63; *Barnes v. Buffalo Pitts Co.,* 6 Ida. 519, 57 Pac. 267; *Portland Cattle Loan Co. v. Biehl,* 42 Ida. 39, 245 Pac. 88.)

Our statute was borrowed from California. (Cal. Code Civ. Proc., sec. 726; 18 Cal. Jur. 235, sec. 522, and cases cited in note.)

The rule in California, as in Idaho, is imperative, and precludes the mortgagee from suing upon the debt alone. (*Western Fuel Co. v. Sanford G. Lewald Co.,* 190 Cal. 25, 210 Pac. 419; *Crescent Lumber Co. v. Larson,* 166 Cal. 168, 135 Pac. 502; *Lilly-Brackett Co. v. Sonnemann,* 157 Cal. 192, 21 Ann. Cas. 1279, 106 Pac. 715; *Hibernia Sav. & Loan Soc. v. Thornton,* 127 Cal. 575, 60 Pac. 37.)

The mortgagee may not waive his security or release it without the consent of the mortgagor, for the purpose of bringing an action upon the debt. (*Rein v. Callaway, supra; First National Bank v. Williams, supra;* 18 Cal. Jur. 247, sec. 531; *Denver Stockyards Bank v. Martin,* 177 Cal. 223, 170 Pac. 428; *National Hardwood Co. v. Sherwood,* 165 Cal. 1, 130 Pac. 881.)

The release of the mortgage was a waiver of the security and a renunciation of the debt. (C. S., secs. 5989, 5986, subd. 3; *Whitcomb v. National Ex. Bank,* 123 Md. 612, 91 Atl. 689; *Pitt v. Little,* 58 Wash. 355, 108 Pac. 941; *Baldwin v. Daly,* 41 Wash. 416, 83 Pac. 724; *Dickinson v. Vail,* 199 Mo. App. 458, 203 S. W. 635; *Northern Crown Bank v. International Elec. Co.,* 24 Ont. L. Rep. 57, Ann. Cas. 1912A, 472.)

If the plaintiff desired to avoid the effect of his unconditional and absolute release of the debt and its security, he must plead and prove the execution of it by accident, fraud or excusable mistake, and have the instrument reformed. He may not give oral evidence to alter, vary or modify the terms of the writing. (*Jensen v. McConnell Bros.,* 31 Ida. 87, 169 Pac. 292; *Fralick v. Mercer,* 27 Ida. 360, 148 Pac. 906; *Tyson v. Neill,* 8 Ida. 603, 70 Pac. 790; 9 Cyc. of Evidence, 331;

10 R. C. L. 1021, sec. 214; *Allen* v. *Ruland,* 79 Conn. 405, 118 Am. St. 146, 8 Ann. Cas. 344, 65 Atl. 138.)

TAYLOR, J.—On August 9, 1923, defendants executed and delivered to plaintiff a promissory note for $1,500, due one year from date, and a real estate mortgage securing the payment thereof. On December 10, 1923, plaintiff executed and acknowledged before a deputy county recorder a marginal release on the record of the mortgage, in the following words:

"I hereby certify that this mortgage and the indebtedness secured hereby is fully paid, satisfied and discharged.

"C. W. BERRYMAN.

"Signed and acknowledged before me the 10th day of December, 1923.

"H. A. BENSON,
"County Recorder.
"By RUTH F. HILLIARD,
"Deputy."

Plaintiff delivered the mortgage to defendant L. B. Dore, but retained the note. When the note came due, plaintiff demanded payment, which was refused. Plaintiff instituted this action to recover on the note. At the close of the evidence, the court granted a nonsuit as to defendant Viola D. Dore. This appeal is by the administrator of plaintiff's estate from a judgment in favor of defendant L. B. Dore.

Plaintiff pleaded a simple action on the note. Defendants pleaded that a mortgage was executed as security for the note, and set forth at length the satisfaction. The plaintiff conceded the release of the mortgage, but contended that the purported release of the note was made unintentionally and by mistake.

[1] Appellant specifies 58 assignments of error. It will be unnecessary to treat them all in detail. The error claimed in granting a nonsuit as to Viola D. Dore is neither argued nor well founded. Appellant specifies that the court erred in trying the case with a jury, contending that "the issue made by the pleadings was an issue to be determined by

the court.'' As will be shown herein, there were questions of fact to be submitted to the jury, and it was not error, therefore, for the court to decline to try the case without a jury. Defendant does not claim to have paid anything on this indebtedness, and the only point involved in the case is the effect of the marginal release.

[2] Counsel for defendant argue that a mortgagee cannot maintain an action upon the note alone without alleging that the security given as a part of the transaction has become valueless without his fault or negligence. It seems conceded by appellant that he could not maintain this action upon the note if the mortgage was released without the consent of the defendant. This rule has been firmly established and repeatedly followed in California and by this court. (*Portland Cattle Loan Co. v. Biehl*, 42 Ida. 39, 245 Pac. 88, and cases therein cited.) None of the adjudicated cases, however, go to the extent of holding that a mortgagor may consent to a release of his mortgage without any consideration, and then defend against a personal liability upon the note on the ground of the release of the mortgage, or rather the former existence of the mortgage. Those California decisions enforcing the rule have been based upon the fact that the mortgage either existed or was released without the consent of the mortgagor, and all which have adverted to it at all have inferred that consent to the release would subject the mortgagor to personal liability for the debt. (*Woodward v. Brown*, 119 Cal. 283, 63 Am. Rep. 108, 51 Pac. 2, 542; *Crisman v. Lanterman*, 149 Cal. 647, 117 Am. St. 167, 87 Pac. 89; *J. I. Case Threshing Mach. Co. v. Copren Bros.*, 32 Cal. App. 194, 162 Pac. 647; *Ferry v. Fisk*, 54 Cal. App. 763, 202 Pac. 964.) The principle involved is that the land is primarily liable, and the mortgagor has a right to insist that the mortgagee do not release the land and throw upon him a personal liability; but when the release is made with his consent, he should not be permitted to say that by that very act he evades such personal liability.

[3] Defendant contends that plaintiff renounced his rights in the note and the indebtedness evidenced thereby against defendant, under C. S., sec. 5989, which reads:

"The holder may expressly renounce his rights against any party to the instrument before, at, or after its maturity. An absolute· and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon."

The release pleaded was placed upon the margin of the recorded mortgage with a rubber stamp. Plaintiff testified that he intended to release the mortgage, but did not intend to acknowledge payment of the indebtedness, and did not know that he was placing and acknowledging his signature beneath words which on their face had that effect.

Defendant maintains that the release is within the well-known rule excluding parol evidence to vary or contradict the terms of a written instrument. He admits that a receipt may be so varied or disputed, but argues that a release is in a different category. It is often stated, as a general rule, that releases may not be varied or contradicted by parol evidence. (5 Wigmore on Evidence, 2d ed., sec. 2432, p. 312; 3 Abbott's Trial Evidence, 3d ed., p. 2218; 22 Cal. Jur., p. 756, sec. 7; 23 R. C. L., p. 387.) It is well settled, however, that simple receipts are only *prima facie* evidence of the truth of the statements recited therein, and that oral evidence is admissible to show that the money· receipted for was not in fact paid. (*Gagnon v. Molden,* 15 Ida. 727, 99 Pac. 965; *Barghoorn v. Moore,* 6 Ida. 531, 57 Pac. 265; 22 C. J., p. 1135, sec. 1520; 10 R. C. L., p. 1025, sec. 217.)

Releases contractual in their nature are governed by the rule excluding parol evidence (*Jensen v. McConnell Bros.,* 31 Ida. 87, 169 Pac. 292), but those not contractual, and which are in substance mere receipts, are not within the rule, but are subject to the law governing receipts. (22

C. J., p. 1140, sec. 1526.) The words in the marginal release importing payment of the indebtedness secured by the mortgage in effect constituted a receipt, and nothing more. The correct rule applicable, and the reasons for it, are well stated in *Thompson v. Layman,* 41 Minn. 295, 42 N. W. 1061, a case involving the precise question presented here. The court said:

"That a mere receipt—that is, a written admission, of the fact of payment and receipt of money—may be contradicted by parol is not questioned. It is urged, however, that a release cannot be contradicted by parol, and that is true of a technical release. This is not a release in that sense. Such a release is in the nature of a contract—abandoning or relinquishing a claim. It operates to discharge a contract not by performance of it according to its terms, for such performance leaves nothing to release, but by voluntary surrender of the right to require performance. This instrument has no element of contract in it. It only acknowledges that the terms of the note and mortgage have been performed by payment of the money. It admits a fact, such as an ordinary receipt does, nothing more. The payment, if made, discharged the note and mortgage, without the writing. The writing is only evidence (for proof or record) of the fact operating the discharge. . . . . So far as the rules of evidence are concerned, it is like any other written receipt."

This holding is supported by the weight of authority. (*Thompson v. Avery,* 11 Utah, 214, 39 Pac. 829; *Beal v. Stevens,* 72 Cal. 451, 14 Pac. 186; *Sells v. Tootle,* 169 Mo. 593, 61 S. W. 579; *Scott v. Scott,* 105 Ind. 584, 5 N. E. 397; *Soule v. Soule,* 157 Mass. 451, 32 N. E. 663; *Pierce v. Baker* (Tex. Civ. App.), 238 S. W. 699.)

Under the facts presented, what we have said of the writing under discussion, as a "release," applies to it considered as a "renunciation." (*Pitt v. Little,* 58 Wash. 355, 108 Pac. 941; *Baldwin v. Daly,* 41 Wash. 416, 83 Pac. 724.)

[4] Assignments 2 to 10 are based upon the admission of evidence, over objection, tending to show that the plain-

tiff had satisfied many other mortgages by marginal satis-
faction wherein the same rubber stamp was used. This
could properly be considered by the jury in determining
his understanding of the recital in the release, and his in-
tention thereby to declare the note "paid, satisfied and
discharged."

[5] The cross-examination should not have been per-
mitted to go to the extent of attempting to establish that
plaintiff released this and other mortgages to hinder, delay
and defraud creditors. There was no fraud pleaded, and
assignments of error 11 to 35 are well taken. Fraud relied
upon as a defense must be pleaded. (27 C. J., p. 28, sec.
144; 13 C. J., p. 744, sec. 894.)

*Ager v. Duncan,* 50 Cal. 325, and *Sewell v. Norris,* 128
Ga. 824, 58 S. E. 637, 13 L. R. A., N. S., 1118, cited by
respondent, may be authority for the rule that "in such
cases it is immaterial by which of the parties the fraudulent
nature of the contract is disclosed to the court," yet neither
of them is authority that such fraud may be shown without
pleading it. The former decision is obscure as to the plead-
ings, but excerpts from briefs of counsel indicate that the
fraud may have been disclosed by the complaint, but that it
was "disclosed . . . . by the answer," and that the defend-
ant sought to "avoid its payment on the plea" of fraud;
and in the latter the opinion recites that the plaintiff did
not "rely upon" the fraud, and "the defendants . . . . must
set up the transaction, whatever it was, in support of their
claim."

[6] The plaintiff sought to establish that the defendant
had mortgaged the property involved after this release, and
had sold the property thereafter, and specifies as error
the rejection of evidence to this effect. These instruments
would not be admissible under the reasoning of the opinion
in *Woodward v. Brown,* 119 Cal. 283, 63 Am. St. 108, 51
Pac. 2, but the dissenting opinion of Beatty, C. J. (119 Cal.
289, 51 Pac. 543), upon this point, appeals to me as the
better reasoning. The defendant is not contending that there
is still a mortgage upon the land which should be foreclosed

before he becomes personally liable, and his act in mortgaging and later selling the land clear of this encumbrance was competent to be considered by the jury as evidence of his consent to the satisfaction of the mortgage, if it be found that the note was not released and renounced.

[7] Specifications 42, 43, 44, 46 and 47 are based upon the alleged error of the court in denying plaintiff's motions to strike certain evidence of the defendant. There being no pleading of fraud or of any promise or consideration for the release of the note, the evidence was wholly immaterial to the issues as to the consent of the defendant to the satisfaction of the mortgage, or whether the note was paid, satisfied or discharged, and the motions should have been granted.

[8] The appellant specifies numerous errors in the instructions given and refused. There being no issue of fraud, or evidence to support estoppel, it was error to give the instructions which were given upon these issues.

[9] Appellant complains of instruction 8c, embodying C. S., sec. 5989. This instruction was erroneous in telling the jury that if they found "that the plaintiff renounced in writing his rights against the defendant upon the note . . . . , and that such renunciation was an absolute and unconditional renunciation," then their verdict should be for the defendant, without properly explaining to the jury in connection therewith that the release would not have that effect if the release of the note recited therein was unintentional and made by mistake, and the note was not, as a matter of fact, released and the rights of the plaintiff renounced thereby.

[10] Instruction No. 9 was also erroneous in the inference that the verdict must depend upon an express or implied new promise or agreement to pay the note. If defendant consented to the release of the mortgage, he would be already personally liable on the note without any new promise.

[11] There were presented two issues: (1) Did the defendant consent to the release of the mortgage? And (2) Did the release satisfy and discharge the note? The evi-

dence presented questions of fact for the jury. The court therefore did not err in denying the plaintiff's motion for directed verdict.

It becomes unnecessary to discuss numerous other assigned errors with relation to matters which, in view of the holding herein, cannot arise upon another trial.

The judgment is reversed and the cause remanded for a new trial. Costs to appellant.

Wm. E. Lee, C. J., and Givens, J., concur.

Budge, J., took no part in the decision.