757 P.2d 244

**Kenneth VANOSKI and Penelope J. Hieb, formerly known as Penelope J. Vanoski, Plaintiffs–Respondents,**

v.

**Betty J. THOMSON, Defendant–Appellant.**

**No. 16501.**

Court of Appeals of Idaho.

June 16, 1988.

Petition for Review Denied Sept. 8, 1988.

---

382

James G. Reid of Ringert, Clark, Harrington, Christenson & Kaufman, Boise, for defendant-appellant.

Iver J. Longeteig, Boise, for plaintiff-respondent, Vanoski.

Patrick D. Costello of Martin, Chapman, Park & Burkett, Boise, for plaintiff-respondent, Hieb.

## SUBSTITUTE OPINION

The Court's prior opinion, dated February 3, 1988, is hereby withdrawn.

SWANSTROM, Judge.

This is an appeal from a judgment of the district court holding a debtor liable on a promissory note. We are presented with two questions: whether the district court erred in admitting parol evidence of the intent of the parties to a transaction releasing a security for the debt; and whether the obligees on the note were estopped from seeking to collect the debt by virtue of having signed documents purporting not only to release the underlying security but also to discharge the debt itself. The district court, sitting without a jury, determined that, despite recitals to the contrary, the debt was not discharged. For reasons explained below, we affirm the judgment.

The underlying facts may be stated briefly. In 1977 Betty and Ronald Thomson and James Christie contracted with Kenneth and Penelope Vanoski to purchase the Vanoskis' shares of stock in an Idaho corporation operating a business in Boise. Payments for the stock were to be made in ten fixed annual installments. When the balance was paid in full, the Thomsons and Christie would own all of the stock in the corporation. The Thomsons and Christie executed a promissory note. The obligation was secured, in part, by a deed of trust on the Thomson residence. It named the Vanoskis as the beneficiaries.

Ronald Thomson died in 1979. On May 8, 1980, Betty Thomson sold her interest in the corporation to Christie. Twenty days later, the Vanoskis gratuitously reconveyed to Betty Thomson the property pledged as security for the promissory note. The deed of reconveyance read, in pertinent part:

WHEREAS, the undersigned, ARKAD, INC., an Idaho corporation, as trustee under the trust deed dated the 18th day of January, 1978, executed by Ronald E. Thomson and Betty J. Thomson, grantors, in which KENNETH VANOSKI and PENELOPE J. VANOSKI are named as beneficiaries, and the undersigned as trustee, ... has received from KENNETH VANOSKI and PENELOPE J. VANOSKI, the beneficiaries thereunder, a written request to reconvey, *reciting that all sums secured by such trust deed have been fully paid and that such trust deed and the note secured thereby have been surrendered to the undersigned, as trustee, for cancellation....* [Emphasis added.]

Despite the language in the instrument, the sums due under the promissory note had not fully been paid. After the reconveyance, Christie defaulted on the obligation to the Vanoskis. Betty Thomson received a copy of the notice of default sent to Christie. Subsequently, the Vanoskis brought an action against Thomson and Christie for the balance due under the note. Thomson filed a cross-claim against Christie for indemnification. Christie did not appear to defend against the claim and, as a result, both the Vanoskis and Thomson obtained default judgments against him. Christie could not be located to satisfy the judgment. Accordingly, the Vanoskis sought to enforce their claim against Thomson.

The salient issue at trial centered around the conflict between the language of the deed of reconveyance—which purported to discharge the debt—and the Vanoskis' intent only to release the security but not to discharge the debt secured by it. The trial judge allowed extrinsic evidence of the Vanoskis' intent, contradicting the terms of the deed. Thomson contended the deed was clear and unambiguous and, therefore,

the Vanoskis were estopped from seeking to enforce a debt which they had plainly discharged. Thomson testified that she had relied on the terms of the deed. The trial court found the recital in the deed untrue and concluded that Thomson was still obligated for the balance of the debt. This appeal followed.

Findings of fact by a trial court will not be disturbed on appeal unless they are clearly erroneous. I.R.C.P. 52(a). Consequently, our standard for reviewing a trial court's findings and conclusions is to determine whether they are supported by substantial, competent evidence, and to determine whether the trial court properly applied the law to the facts as found. *See Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App.1983).

■ Thomson first contends the trial court erred as a matter of law in permitting the Vanoskis to present parol evidence of their intent in executing the deed of reconveyance. As our discussion to follow illustrates, we discern no error in the trial court's decision.

■ In construing a deed the trial court should, if possible, give effect to the intent of the parties. If a deed is plain and unambiguous, the general rule is that the intent must be ascertained from the deed and parol evidence is not admissible. *Gardner v. Fliegel,* 92 Idaho 767, 450 P.2d 990 (1969); *Allen v. Boydstun,* 111 Idaho 188, 722 P.2d 497 (Ct.App.1986). This general rule is followed when issues arise concerning the meaning of language used and its operation upon the property being conveyed. However, where a deed contains recitals of fact purporting to evidence receipt or acknowledgement of payment, such recitals may be challenged as untrue and parol evidence is admissible for that purpose. *See, e.g., Berryman v. Dore,* 43 Idaho 327, 251 P. 757 (1926). The law uniformly allows the admission of parol evidence to prove that a recital of fact is untrue. *See* RESTATEMENT (SECOND) OF CONTRACTS § 218(1) (1981).

■ The present deed of reconveyance contains a recital incorrectly indicating full satisfaction of a promissory note. The Vanoskis challenged the recital as untrue, contending the deed was merely a release of security not a discharge of the note. A deed of trust securing a note may be released without discharging the note. *Berryman v. Dore, supra.* The recital in question here is merely a receipt or acknowledgement of payment and is susceptible to explanation or contradiction by parol evidence. *Id.* We conclude the district court did not err as a matter of law in admitting parol evidence to contradict the untrue recitals of fact in the deed.

■ This brings us to the issue of estoppel. Thomson asserts that, despite parol evidence to the contrary, the Vanoskis are estopped from denying the written admission in the deed discharging her on the debt. She bases her claim on three alternative theories: estoppel by deed, promissory estoppel and quasi-estoppel. Although these theories may arise in separate contexts, they share a common requirement: the party invoking estoppel must demonstrate a detriment or disadvantage suffered by him, or an unconscionable advantage or benefit obtained by the other party. *See KTVB, Inc. v. Boise City,* 94 Idaho 279, 486 P.2d 992 (1971); *Mohr v. Shultz,* 86 Idaho 531, 388 P.2d 1002 (1964).

Thomson insists that her continued forbearance from securing herself against possible default by Christie was a detriment suffered by her because of the statement in the deed. At the time Christie purchased Thomson's stock he represented that a hold harmless agreement would be executed by him to indemnify her from any claim of the Vanoskis. This agreement was not executed. When Thomson received the deed of reconveyance twenty days after her sale to Christie, she mistakenly assumed that Christie had worked out some kind of deal with the Vanoskis. Other than the untrue recital of fact in the deed, the Vanoskis took no position tending to mislead Thomson. The Vanoskis made the gratuitous reconveyance on the belief that it would assist Thomson in selling her home.

**384**

The representation made to Thomson by Christie seems to be the main reason why Thomson continued to forbear on obtaining any security. Moreover, Thomson has not shown what security, if any, she could have obtained from Christie after she had already sold her stock to Christie. It must be remembered that—at the time of such sale—Christie allegedly promised only to *indemnify* Thomson. He had not promised he would give *her* any security against a failure, on his part, to fully pay the Christie–Thomson promissory note to the Vanoskis. Further, as a result of this action Thomson has obtained judgment against Christie. She is free to execute on that judgment. It is not shown that Thomson's present position is any different from what it would have been had she received an indemnity agreement from Christie. A hold harmless agreement, if executed by Christie, would not have prevented the Vanoskis from obtaining the present judgment against Thomson. Our review of the record does not disclose any tangible detriment suffered by Thomson because of the false recital in the deed of reconveyance.[1] Neither do we find the Vanoskis to have obtained an unconscionable advantage or benefit under the present facts. Consequently, the trial court's finding and conclusion that the Vanoskis are not estopped is supported by substantial, competent evidence.

Accordingly, the judgment of the district court is affirmed. Costs to respondents, the Vanoskis. By the terms of the promissory note and the provisions of I.C. § 12–120, the Vanoskis are entitled to reasonable attorney fees for this appeal, to be determined under I.A.R. 41.

WALTERS, C.J., and BURNETT, J., concur.

---

1. At oral argument, counsel for Thomson urged that Thomson was prejudiced as a result of her reliance because, during the time she mistakenly assumed her obligation had been fulfilled, she allowed her liability to increase in the form of additional interest due and to be accelerated upon Christie's default. Because this theory was not presented to the court below, we will not consider it on appeal.