## HILL *v.* ARNOLD & COMPANY.

1. When money due a laborer is exempt from seizure by the process of garnishment, it is protected whether in the hands of the employer or a third person, and can not be reached by a garnishment until it has passed, either actually or in legal contemplation, through the hands of the laborer.
2. A deposit by a debtor in a bank to the account of his creditor of a sum of money due the latter will not constitute payment to the creditor, unless he consents to the deposit.   When such a deposit is made without the creditor's

consent, the bank is merely the agent of the debtor to pay the money to the creditor.

3. The judge erred in rendering a judgment finding the fund in dispute subject to the garnishment process.

Submitted May 1, — Decided July 23, 1902.

Garnishment.    Before Judge Proffitt.    City court of Elberton. January 13, 1902.

*C. P. Harris*, for plaintiff in error.    *J. N. Worley*, contra.

Cobb, J.    Arnold & Company sued Hill on a promissory note, in the city court of Elberton, and caused summons of garnishment, returnable to that court, to be served upon the Bank of Elberton. The garnishee answered that the sum of $127.38 had been " deposited in the Bank of Elberton to the credit of " Hill, and that this fund was subject to the order of the court.    Hill filed a paper in which he set up that the sum mentioned in the answer of the garnishee was deposited in the bank by Mrs. R. C. Mattox, at the request of S. P. Mattox, and that he (Hill) did not request or consent "that said money should be deposited in bank to his credit;" that $100 of the money was earned by Hill as a laborer employed by S. P. Mattox to work on his farm; that this sum was for this reason claimed to be exempt from process of garnishment; but that no claim of exemption was made as to the $27.38, that not having been earned by Hill as a daily laborer.    The case was submitted to the judge of the city court, presiding without a jury, upon the issue thus made, and he rendered a judgment finding the entire sum in the garnishee's hands subject to the garnishment.    Hill filed a motion for a new trial, upon the ground that this judgment was contrary to law and the evidence ; and this motion having been overruled, he excepted.

We are of opinion that the evidence demanded a finding in favor of Hill, and that therefore the judge erred in overruling his motion for a new trial.    It appears from the evidence that S. P. Mattox was due Hill $127.38, $100 of which was earned by him while working as a farm laborer for Mattox.    When demand was made upon Mattox for the amount due, he gave Hill an order on Arnold & Company, the defendants in error, and when this order was presented to them they refused to pay it, on the ground that Hill was indebted to them in a sum greater than the amount of the order. When this was reported to Mattox, he gave Hill another order on

his mother for the sum in question. When this order was presented to Mrs. Mattox, she stated that she did not have the money at home, but would have to go to the bank and get it. She and Hill thereupon went to the bank, but found it closed, the day in question being a holiday, which fact neither of them had previously known. Mrs. Mattox then told Hill to come back the next day and she would pay him, that she might go to Atlanta, but if so, she would arrange with the cashier of the bank for Hill to get the money there. Mrs. Mattox testified: "I don't know that anything was said about depositing the money in the bank to Mr. Hill's credit. I just told Mr. Hill that if I should go to Atlanta I would make arrangements with Mr. Heard for him to get his money at the bank." It appears that in the afternoon of the day upon which this conversation took place the cashier of the bank drove over to the home of Mrs. Mattox, that she gave him the money due Hill, and he gave her a receipt for it. When Hill went back to see Mrs. Mattox the next day, she told him that the money was in the bank for him; and when he made application to the bank for the money, he was told that the bank had been garnished and couldn't pay it. Hill testifies in positive terms that he did not "agree that Mrs. Mattox should deposit the money in the bank to [his] credit."

It is not contended that the wages of Hill as a farm laborer were not exempt from garnishment; but it is insisted that the judge could have found from the evidence that the money was deposited in the bank to the credit of Hill with his consent, and that, this being so, it became mingled with the general funds of the bank and stood in the position of an ordinary debt due by the bank to Hill. In other words, it is claimed that the transaction which took place between all these parties was equivalent to a payment of the money to Hill and a deposit of it by him in the bank to his credit. We do not think this conclusion is fairly warranted by the evidence. The real meaning of the transaction was that S. P. Mattox constituted his mother his agent to pay Hill the money, and that Mrs. Mattox constituted the cashier of the bank her agent to do this; and the evidence probably warranted the inference that Hill consented that the cashier should so act. There was never any payment of the money to Hill, and we do not think the evidence authorized a finding that he so regarded the transaction. The code provides that the wages of certain classes of laborers, "whether in the hands of their em-

ployers or others," shall be exempt from garnishment. Civil Code, § 4732. This being so, the money in the hands of the Bank of Elberton was not subject to garnishment, unless it had first passed, either actually or in legal contemplation, through Hill's hands. The judge erred in rendering judgment in favor of Arnold & Company for the entire sum in the hands of the garnishee.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*