### 8074. ATKINS NATIONAL BANK *et al.* v. WILEY.

JENKINS, J. 1. The jury has twice found in favor of the plaintiff and against the defendants in this case, and the trial judge has refused to grant a second new trial. It can not be said that the verdict is without evidence to support it. This court therefore is without power to set it aside on the general grounds of the motion for new trial.

2. The plaintiff contended that at the suggestion of and upon the advice

of a bank cashier, in order to evade garnishment proceedings, in the avoidance of which the bank had an interest, he deviated from the usual and ordinary method of deposit, by leaving with that official certain funds belonging to the county, under the following cashier's receipt, to wit: "Maysville, Ga., Dec. 6, 1910. Received of Geo. W. Wiley, tax-collector of Banks county, $1,250.00, to be turned over to the treasurer of Banks county. Mr. Gillespie, please receipt Mr. Wiley for above amount. E. S. Comer, Cashier;" and that against the fund so deposited he drew on the said bank a check as follows, to wit: "Maysville, Ga., Dec. 6, 1910. Atkins National Bank. Pay to the order of (for County Treasurer), $1,250.00—twelve hundred and fifty dollars. Geo. W. Wiley, T. C.;" that the amount of this check was credited by the bank to the said treasurer, but that the check was not paid with the said fund as directed, but was paid out of and charged against his general deposit account, and that he has never received any benefit or credit from the fund so receipted for. This court can not hold as a matter of law that the bank was not responsible for the alleged deposit for the reason that the deposit was not intended to be regularly entered to the credit of the plaintiff on its books; and this is true, under the facts and circumstances of the case, even though the plaintiff in his testimony may have used language which, taken by itself, might indicate that such procedure was not intended as a bank transaction. The only reasonable interpretation of this evidence of the plaintiff would seem to be that in his opinion such unusual method of deposit, by which the funds were not to pass in his name through the books of the bank, could not be deemed a deposit or a bank transaction in the accepted sense, and not that he was not dealing with the bank, whose receipt he had taken and on which his check was drawn. The mere fact that the alleged bank deposit and the contemporaneous bank check, alleged to have been drawn thereon, were not intended to be carried through the books of the bank in the name of plaintiff would not of itself operate to extend the transaction beyond the scope of the cashier's authority and employment. The effect of the alleged transaction amounted to a deposit by the plaintiff of the said fund in the bank to the credit of the treasurer, and the bank became the agent of plaintiff to consummate the transfer. *Hill* v. *Arnold,* 116 *Ga.* 45 (2) (42 S. E. 475).

3. There is no merit in the exceptions taken pendente lite.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JUNE 7, 1917.

Exceptions to auditor's report; from Banks superior court— Judge Brand. July 6, 1916.

*A. J. Griffin, H. H. Perry,* for plaintiffs in error.

*W. W. Stark,* contra.