(No. 4606.   March 24, 1927.)

## CHARLES E. JONES, Appellant, v. J. S. BUSSELL, Respondent.

[255 Pac. 303.]

SET-OFF AND COUNTERCLAIM—PROMISSORY NOTES—PAYMENT—DEPOSIT
  IN BANK—BILLS AND NOTES—ASSIGNMENT—CONSIDERATION—CHAT-
  TEL MORTGAGES — EXTINGUISHMENT OF PROPERTY — ACTION ON
  NOTES—PLEADING—AMENDMENT—NECESSITY.

1. Under C. S., secs. 6694, 6695, relative to counterclaim,
notes executed by plaintiff and assigned to defendant after
maturity were proper subject of counterclaim, in action to re-
cover for labor and services.

2. A mere deposit by debtor in bank to account of his cred-
itor of money due the latter is not a payment unless creditor
consents to the deposit, but the bank is merely agent of debtor
to pay money to creditor.

3. Where debtor deposited money in bank in accordance with
amount awarded by arbitrator, but creditor refused to acquiesce
in the award, which was thereafter set aside by proceeding in
court, retention of such deposit by the bank under agreement
that it should, in consideration thereof, assign to debtor certain
notes of creditor *held* to constitute a valuable consideration for the
assignment.

4. Where mortgaged property securing notes had been ex-
tinguished by act of mortgagor himself with consent of mort-
gagee, it was unnecessary to warrant recovery on notes, that
mortgagee show that security had become valueless.

5. Where evidence relative to mortgaged property being ex-
tinguished by act of mortgagor with consent of mortgagee was
admitted without objection, it was unnecessary, in suit on notes
secured by mortgage, that pleadings be amended to allege that
mortgaged property had become valueless.

Publisher's Note.
  1. See 24 R. C. L. 832.
  2. See 21 R. C. L. 36.

See Bills and Notes, 8 C. J., sec. 526, p. 348, n. 50; sec. 1074,
p. 815, n. 25.
Chattel Mortgages, 11 C. J., sec. 494, p. 701, n. 78 New.
Payment, 30 Cyc., p. 1184, n. 38, 41.
Pleading, 31 Cyc., p. 401, n. 94, p. 723, n. 92, 95.
Recoupment, Set-off and Counterclaim, 34 Cyc., p. 689, n. 73.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action on implied contract. Judgment for defendant on counterclaims. *Affirmed.*

Porter & Witham, for Appellant.

Promissory notes, purchased after maturity, are not proper counterclaims under C. S., sec. 6695, subd. 2. (C. S. 6697; *Lyons v. Petty,* 65 Cal. 322, 4 Pac. 103; *Duff v. Hobbs,* 19 Cal. 646.)

A deposit in bank in name of third person, when placed beyond control of depositor, belongs to such third person. (3 R. C. L. 521; 7 C. J. 641; *Honig v. Pacific Bank,* 73 Cal. 464, 15 Pac. 58; *Greene v. Bank of Camas Prairie,* 7 Ida. 576, 64 Pac. 888; C. S., secs. 6694, 6695, 6697; *Moody v. Morris-Roberts Co.,* 38 Ida. 414, 226 Pac. 278; *Payette-Boise W. U. Assn. v. Fairchild,* 35 Ida. 97, 205 Pac. 258; *Eaton v. McCarty,* 34 Ida. 747, 202 Pac. 603; *Dighton v. First Exchange Nat. Bank,* 33 Ida. 273, 192 Pac. 832; *Clark v. Paddock,* 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475; *McKean v. German-American Sav. Bank,* 118 Cal. 334, 50 Pac. 656.)

Stephan & North, for Respondent.

An assigned claim may be the subject of a counterclaim. (C. S., secs. 6063, 6695; *St. Louis Nat. Bank v. Gay,* 101 Cal. 286, 35 Pac. 876; 19 Ann. Cas. 323, 324, notes; 2 Kerr's Pleading & Practice in Western States, p. 1166.)

A promissory note purchased after maturity may be the subject of a proper counterclaim under C. S., sec. 6695, subd. 2. (C. S., sec. 5925; 3 R. C. L. 1045; *Brecher v. Morres,* 199 N. Y. Supp. 746; *Cook v. Mills,* 5 Allen (Mass.), 36; *Hurd v. Earl,* 4 Blackf. (Ind.) 184.)

In an action on implied contract, promissory notes not connected with the transaction, and originally secured by a crop mortgage, which crop mortgage had been extinguished before defendant acquired the notes, may be proper counterclaims. (41 C. J., p. 801, sec. 932, subd. 9, p. 805, sec. 942.)

BRINCK, Commissioner.—Plaintiff brought action to recover from defendant for labor and services alleged to have been rendered by him in caring for sheep at defendant's instance and request. Defendant by answer denied plaintiff's cause of action, and set up counterclaims based on three promissory notes, aggregating more than plaintiff's claim. The jury allowed recovery on the counterclaims in full, and in response to a special interrogatory found a less amount due plaintiff on his complaint; and rendered a verdict for defendant for the balance.

Judgment was entered on the verdict, and plaintiff appeals, assigning error on which he bases the contention that the counterclaims were improper: first, because the notes were assigned to defendant after maturity; second, because, as appellant urges, the notes were acquired by defendant without consideration; and third, because the notes were, as appellant claims, secured by chattel mortgage.

In support of his first contention, that the notes were not a proper subject of counterclaim, because acquired by defendant after maturity, appellant cites *Lyon v. Petty,* 65 Cal. 322, 4 Pac. 103, which holds that a note assigned after maturity would not be the subject of counterclaim by the assignee in an action against him by the maker of the note. The announcement of this rule in the case cited was not necessary to a decision of that case, and the authorities upon which it is based do not seem to support the doctrine stated; the decision on this point does not appear to have been followed in any later decision of the California courts; nor is any other authority in point cited by counsel.

[1]   On the other hand, the contention seems entirely inconsistent with the express provisions of our statute. C. S., sec. 6694, provides that the answer of the defendant shall contain, among other things, a statement of any new matter constituting a defense, or counterclaim; and C. S., sec. 6695, provides that the counterclaim mentioned in the preceding section "must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action. . . . . 2. In an action arising upon contract; any other cause of action arising also upon contract and existing at the commencement of the action." The notes in question complied with all the requirements of the statutory provisions above referred to, and were proper counterclaims.

[2]   As to appellant's second contention, the following facts appear from the record. Disagreement having arisen between plaintiff and defendant, as to the arrangement under which plaintiff held the sheep, an attempt was made to arbitrate their respective claims; and pursuant to what defendant conceived to be the arbitrators' award, he took possession of the sheep and deposited in the Twin Falls Bank & Trust Company the sum of $550 to the credit of plaintiff, which apparently was the amount awarded plaintiff by the arbitrators. The bank, which at that time owned the notes upon which the counterclaims were based, applied the deposit so made to the payment of a portion of plaintiff's indebtedness to it, indorsing the amount upon one of the notes in question. Plaintiff, however, refused to acquiesce in the award, and it was set aside by a proceeding in court. Thereupon the defendant agreed with the bank that instead of repaying to him the money he had deposited, it should, in consideration thereof, assign to him the plaintiff's notes held by it; the notes were accordingly transferred to defendant, and the bank retained the sum deposited.

[3] Appellant insists that by the deposit, the bank immediately became the debtor of plaintiff and that defendant had no further claim upon the deposit nor power of disposition over it. But such payment was never consented to by plaintiff, nor accepted by him; he had not authorized defendant to make any payment to him in that manner, and did not acquiesce in it after it was so attempted. A mere deposit by a debtor in a bank to the account of his creditor of money due the latter is not a payment, unless the creditor consents to the deposit; but the bank is merely the agent of the debtor to pay the money to the creditor. (*Hill v. Arnold,* 116 Ga. 45, 42 S. E. 475.) The retention of the deposit by the bank under its agreement with defendant was therefore a valuable consideration for the assignment by it to defendant of the notes in question.

[4] As to the third contention, the answer containing the counterclaims did not allege that the notes were secured by a mortgage. It developed in the evidence that the notes, while held by the bank, had been secured by a mortgage upon "one-half of all the crops of whatever nature growing or to be grown during the seasons 1921 and 1922," upon certain described land, the mortgage further reciting "this consists of 120 acres, one-half of which or 60 acres, is intended to be covered by this mortgage." No question is raised as to whether this description is sufficiently definite to permit the mortgage to become a contract. The evidence tends to show, however, that the hay crop of 1921 upon all the land, or that portion of the crop remaining in existence in March, 1922, when plaintiff took over the sheep, was fed to the sheep in question, and that all the crop for 1922 was fed them during the time plaintiff had the sheep, and that this was in pursuance of an agreement between the defendant as an officer of the bank, and plaintiff. This question appears not to have been considered as a material element in the case by either party at the trial, since both sides apparently assumed that the property covered by the mortgage had been consumed. No instruction upon this phase of the case was requested or given, and plaintiff him-

self testified that the hay was released to him upon the understanding that he would feed it to the sheep.

[5] The evidence in the case is sufficient to sustain a finding that the mortgaged property had been extinguished by the act of plaintiff himself, with the consent of the mortgagee, had that question been submitted to the jury; and there was no assignment of error as to the failure to so submit the question, The principle applied in *Berryman v. Dore,* 43 Ida. 327, 251 Pac. 757, is applicable here. Appellant's assignment that the evidence is insufficient to support the verdict, because it showed a chattel mortgage, and failed to show that the security had become valueless, is thus without merit; nor was it necessary, as he contends, for defendant to amend its pleadings when it appeared that a mortgage had been given, to allege that the property mortgaged had become valueless, since evidence on the whole matter was admitted without objection.

The foregoing discussion disposes of the contention made as to erroneous instructions. The errors assigned are not well taken, and we recommend that the judgment be affirmed.

Varian and Johnson, Commissioners, concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is affirmed. Costs to respondent.