[No. 4989.]

[No. 2536 C. A.]

### WITTMAN v. PICKENS.

**1. Gifts—Delivery.**

Delivery to the donee, or to some one for his use, of the thing donated, is an essential element of a gift, whether it be a gift inter vivos or causa mortis.

**2. Same—Bills and Notes—Principal and Agent.**

Where the payee of a note, prior to his death, directed his friend to take the note from his cash drawer and return it to the payor, which the friend did after the death of the payee, there was no delivery of the note such as would constitute a valid gift, as the death of the payee ended the agency of his friend before he took possession of and delivered the note to the payor

**3. Bills and Notes—Cancellation—Delivery.**

The writing of the word "paid" across the face of a note by the payee and signing his name thereto, would not operate to discharge the payor from liability thereon unless the note so indorsed be delivered to the payor.

*Appeal from the District Court of Arapahoe County:*
*Hon. P. L. Palmer, Judge.*

Messrs. PATTERSON, RICHARDSON & HAWKINS, for appellant.

Mr. FRED W. PARKS, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

The stipulated, material facts upon which this case was submitted to the court below, are:

October 28, 1898, Clara M. Wittman, appellant, executed and delivered to her son, Louis F. Wittman, a promissory note for $700.00, payable two years after date, and, to secure payment of same, executed a mortgage upon certain real estate.

Louis F. Wittman committed suicide April 10, 1899; same date, he wrote his friend, Fisher, requesting him, among other things, ''To please return all notes in cash drawer, total of which amounts to $771.00, to her (his mother), and arrange to have mortgage of $700.00 withdrawn, so property will be clear.'' The $700.00 note and mortgage involved herein were covered by the above request; indorsed on the face of the note, in Wittman's handwriting, were the words, ''Paid, L. F. Wittman, 4-10-'99''; after Wittman's death the note and mortgage were returned by Fisher to appellant; the note was not discharged or satisfied by the payment of the same.

Appellee, as administrator of the estate of Wittman, obtained a judgment for the amount of the note and interest, and a decree foreclosing the mortgage, to reverse which is this appeal.

Appellant's contention is, that the facts admitted and stipulated, constituted a gift of the note and mortgage in question, by the deceased, to his mother, and that it is immaterial whether the gift was one *inter vivos*, or one *donatio causa mortis*.

An essential element, applicable alike to a gift *inter vivos*, or a *donatio causa mortis*, is the *delivery* of the thing given, or the subject of the donation, to the donee, or to his use.—14 A. & E. Ency. of Law, 1017, *Id*. 1056.

The complaint alleged, and the answer did not deny, that almost immediately after writing to Fisher, Wittman took his life.

It is admitted that the note and mortgage were

not returned to appellant until after the death of Wittman.

From these allegations and admissions, the conclusion is irresistible that actual delivery of the note and mortgage was not made by Wittman to Fisher.

The death of the principal terminated the agent's authority; hence the return of the note and mortgage, by Fisher, to appellant, after the death of Wittman, was without effect as against the administrator of Wittman's estate (appellee).

Counsel for appellant contend that, as it nowhere appears in the record *when* Fisher got the note, whether before, or after, the death of Wittman, therefore it may be assumed that delivery was made before death, and they rely upon the principle, that if there was delivery to a third person, who was to act as trustee for the donee, the fact that the donor dies before the actual delivery to the donee is immaterial, as the donor's death will not affect or revoke the gift which is thus made.

The weakness of this contention lies in the fact that it does not affirmatively appear from this record that delivery was made by the donor to a third person, who was to act as trustee for the donee.

On the contrary, our conclusion is, that Fisher did not gain possession of the note and mortgage until after the death of Wittman. In other phrase, there was no delivery whatever of the note to the donee, or to anyone for her use, and, therefore, an essential element of a gift *inter vivos* or *donatio causa mortis,* is lacking.

Numerous authorities are cited by counsel for appellant in support of their contention, which it is unnecessary to review, for the reason that the facts in such cases clearly distinguish them from the case under consideration.

It is said, that writing the word "paid" across

the face of the note, and signing his name thereto, by the deceased, is equivalent to a destruction of the evidence of the debt; and should be given the same effect as though a receipt had been given the appellant for the amount of the debt, or as though the note had been delivered to her.

Many cases are cited in support of this position, all of which have been carefully examined. In all the cases cited, wherein the effect of a receipt is discussed, the *delivery* of the receipt to the party claiming thereunder was admitted or proven.

Our attention has been called to no authority, nor have we discovered any, which goes to the extent of holding, that simply writing the word "paid" on the face of the note, by the payee, and retaining possession and control of the same, discharges and cancels the note, and releases and discharges the payor from payment of the same.

To give such act any force or effect, delivery of the note so indorsed must be made to the payor.

There being no delivery, writing the word "paid" on the face of the note was ineffectual for any purpose under the facts in this record.

The jurisdictional question raised by appellant is disposed of by *Arnett v. Berg*, 18 Colo. App. 341.

The judgment will be affirmed.

*Affirmed.*

The Chief Justice and Mr. Justice Gunter concurring.