FIRST NATIONAL BANK OF FAIRBANKS,
Alaska, a National Banking Association, Appellant,

v.

Warren A. TAYLOR, Appellee.

No. 1368.

Supreme Court of Alaska.

Sept. 24, 1971.

Dallas L. Phillips, Fairbanks, for appellant.

Warren A. Taylor, Fairbanks, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR, and ERWIN, JJ.

## OPINION

BONEY, Chief Justice.

The appellant, First National Bank of Fairbanks, (hereinafter "Bank"), was the

plaintiff below. The Bank appeals from a superior court order dismissing its complaint. We have concluded that the court erred in granting a dismissal.

This appeal arises from an action on a note executed and delivered to the Bank by the defendant, Warren A. Taylor, on May 9, 1960. The note, in the amount of $21,500, was due 96 days from execution. Security was provided by an assignment of contract also dated May 9, 1960. The assignment provided for the Bank to receive and apply to Taylor's note all sums due to Taylor for his one-third interest in the $57,162.50 balance due under a real estate contract.

On August 11, 1961, a final payment on the real estate contract was made. According to the Bank, a balance of $4,795.13 remained due on the note after application of that payment. However, upon receipt of the final payment, the Bank lacked an interest in the real estate and on September 12, 1961, a standard form Satisfaction and Discharge of Real and Chattel Mortgage was executed. Whether the wording of that document constitutes conclusive evidence of payment is, in essence, the first issue on appeal. It will be discussed in its turn in relation to the applicable law.

The present action was commenced on August 8, 1967, almost 6 years from the date of the final contract payment. The Bank prayed for judgment in the sum of $4,795.13 plus interest from August 11, 1961. The complaint alleged execution and delivery of the note, the sum of $4,795.13 as due and owing, a demand for payment, and a refusal to pay. In his answer Taylor admitted the execution and delivery of the note, but denied that the Bank had demanded payment, that he had refused to pay, and that he still owed the Bank $4,795.13. As an affirmative defense Taylor stated:

Defendant alleges that the said note described in plaintiff's complaint has been fully paid and discharged and satisfied thereof, has been duly filed in the Fairbanks Recording District Recorder's Office on the 13th day of September, 1961, at 3:25 P.M. of said date as requested by Title Insurance and Trust Company of Fairbanks, Alaska.

A copy of the Satisfaction and Discharge of Real and Chattel Mortgage, signed on September 12, 1961, on behalf of the Bank by James D. Rupert, Assistant Cashier, was attached to the answer. That document states in part:

THIS IS TO CERTIFY THAT the foregoing described mortgage, covering the following described property in the Fairbanks Precinct, Fourth Division, Territory of Alaska, has been satisfied, *The note thereby secured paid,* and this shall authorize the Recorder to discharge said mortgage of record. (Emphasis supplied.)

Subsequent to the filing of this action, Taylor propounded interrogatories to the Bank, and among those interrogatories was the following:

2. Was James D. Rupert authorized to sign on your behalf a Satisfaction and Discharge attached to the answer herein? If so, please state:

a) Why this action has been instituted when your officer has certified that the note sued on has been paid.

Answers to interrogatories were filed on November 6, 1967; the Bank answered:

2. Yes.

a) The certificate was made in error.

The record reflects that a period slightly in excess of one year elapsed before additional action occurred in this case. That act occurred on November 26, 1968 when the Bank made a motion to set for pre-trial. Whether this delay was a sufficient ground for dismissal is the second major issue raised by this appeal.

Following the motion to set for pre-trial, pre-trial memoranda were filed. In its pre-trial memorandum the Bank indicated that it expected to prove that the Satisfaction and Discharge of Real and Chattel Mortgage "was filed in error, and that the

note has not been fully discharged". Taylor indicated in his pre-trial memorandum that he expected to prove the "note was paid and satisfied" and the chattel mortgage securing the note "satisfied and discharged". It seems apparent that at this juncture there was a genuine issue of fact as to payment. Nevertheless, on October 27, 1969, the Bank moved for summary judgment which was denied on November 20, 1969.

On November 28, 1969, the Bank moved to set the case for trial. For unexplained reasons, no action was ever taken on the motion, and on June 2, 1970, Taylor filed a Motion for Dismissal. That motion, which was granted, formed the basis for the present appeal.

The motion asked for dismissal, "upon the grounds that the debt has been paid in its entirety; and for the further reason that the plaintiff has failed to prosecute his action since the filing in this Court on August 8, 1967 * * *." The Motion for Dismissal does not state under what rule it was made.[1] An affidavit filed by Taylor in support of the motion sets forth no additional facts, but merely reiterates the conclusory grounds for dismissal contained in the motion.

The Bank opposed the motion to dismiss, arguing first that Taylor did not support his assertion that the note had been paid in its entirety with any documentary evidence. Second, the Bank pointed out that it had filed a motion for summary judgment and a motion to set for trial, and denied that it had been dilatory in prosecuting the action since filing suit.

On July 2, 1970, the court heard and granted the Motion for Dismissal. The Bank appealed arguing the motion should have been denied. Two issues are presented. The first involves the question of whether any genuine issue of fact exists in this case. The determination of this issue depends on whether the execution by the Bank of the satisfaction and discharge of mortgage was conclusive evidence of the discharge of indebtedness, or whether the Bank should have been allowed to present evidence of lack of intent to discharge the note along with the mortgage. The second issue concerns whether the court erred in dismissing the case for lack of prosecution.[2]

Turning first to the issue of indebtedness, it is obvious from the record that there is a disputed fact as to payment. The Bank claims that Taylor did not pay a balance of $4,795.13 due on the note. Taylor claims that the Bank was paid under the assignment of the real estate contract.

In his brief, Taylor contends that dismissal was proper. He bases this assertion upon the ground that the Bank's execution of the Satisfaction and Discharge of Real and Chattel Mortgage was conclusive evidence of payment and discharge of indebtedness.

The satisfaction and discharge stated in relevant part:

> THIS IS TO CERTIFY THAT the foregoing described mortgage * * * has been satisfied, *the note thereby secured paid* * * *. (Emphasis supplied.)

The Bank, of course, has asserted that this document as worded was "filed in error". It is apparent, then, that a central issue to this appeal is whether the Bank should have been allowed to attempt to show that the certification, as worded, was executed by mistake without an intent to

---

1. Taylor's brief indicates that the motion to dismiss for failure to prosecute was based upon Alaska R.Civ.P. 41(e). The request to dismiss because of payment was in effect a motion for summary judgment; we treat it accordingly. For a discussion of summary judgment see Braund, Inc. v. White, 486 P.2d 50, 53–54 (Alaska 1971).

2. While the record does not contain any formal conclusions of law, it appears from the transcript of the hearing on the motion to dismiss, that the court was relying on these grounds in granting Taylor's motion.

discharge the note with the mortgage. Whether a trial on the issue should have been allowed depends upon the conclusive or non-conclusive nature of the evidence of payment contained in the satisfaction and discharge of mortgage. Whether that evidence was conclusive is a question of law.

In his brief Taylor relies upon AS 45.05.-388(a) (2), a section of the Uniform Commercial Code, to support his contention that as a matter of law the satisfaction and discharge of the mortgage discharged his indebtedness. Reliance upon that statute is inappropriate. Its effective date of midnight, December 31, 1962, was subsequent to the September 12, 1961, date of the satisfaction and discharge. At the time of the events in question, the applicable statutes were found in the Alaska Negotiable Instruments Law. In an effort to give effect to Taylor's argument we note that the official comment to the UCC indicates that the AS 45.05.388(a) (2) upon which Taylor relies "restates the original Section 122" of the Negotiable Instruments Law.[3] In his brief, Taylor recognizes the applicability to his argument of authorities construing Section 122 of the Negotiable Instruments Law. That section was enacted in Alaska as CLA § 27–1–164 (1949); it provided:

> The holder may expressly renounce his rights against any party to the instrument, before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon.[4]

A review of the authorities construing Section 122 of the Negotiable Instruments Law convinces us that Taylor's reliance upon it is misplaced. The ground for the motion to dismiss was that "the debt had been paid in its entirety". The statute under consideration refers to a situation where a party desires to "expressly renounce his rights". The statute has been commonly construed to refer to a forgiveness or gratuitous abandonment of a right.[5] We believe that this is the proper construction. The issue in this case being one of discharge for actual payment rather than renunciation or forgiveness the statute should not be applied.[6]

Moreover, even if the statute were considered applicable, we do not believe that under a proper interpretation it supports dismissal here. Berryman v. Dore, 43 Idaho 327, 251 P. 757 (1926), is a case squarely in point. We find its reasoning persuasive. In *Berryman*, the defendant had executed and delivered a promissory note for $1,500 to the plaintiff. On December 10, 1923, the plaintiff had executed and acknowledged a marginal release on the record of the mortgage in the following words:

> I hereby certify that this mortgage and *the indebtedness secured hereby is fully paid*, satisfied, and discharged.[7]

In that case, the plaintiff delivered the mortgage to the defendant but, as here, retained the note. When the note came due, the plaintiff demanded payment which was refused. The plaintiff instituted an action to recover on the note. The defendant relied upon Section 122 of the Negotiable Instruments Law in contending that the plaintiff had renounced his rights in the note and the indebtedness by execu-

---

3. 3 A. Anderson, Uniform Commercial Code § 3–605 :1 (2d ed. 1971).

4. In the present case, the Bank has retained possession of the note at all times.

5. For a collation of the numerous cases holding that § 122 applies only to a gratuitous or voluntary renunciation *see* 65 A.L.R.2d 593, 601–04 (1959).

6. In this connection we note that § 119(1) and (2) of the Negotiable Instruments Law dealt specifically with discharge by payment; it was adopted in Alaska as CLA § 27–1–161.

7. Berryman v. Dore, 43 Idaho 327, 251 P. 757, 758 (1926). (Emphasis supplied.)

tion of the marginal release on the record of the mortgage.[8]

The plaintiff contended that he had intended to release the mortgage but had not intended to acknowledge payment of the indebtedness and did not know that he was placing and acknowledging his signature beneath the words which on their face had that effect. The court stated that the words in the release indicating payment were, in effect, a receipt and nothing more. The court concluded that the effect of the release was a question of intention for the jury to be decided under instructions that, "if the release of the note * * * was unintentional and made by mistake, the note was not, as a matter of fact, released and the rights of the plaintiff renounced thereby".[9] We believe that the court's interpretation of the statute, if viewed as applicable, was proper.

Returning to the present case, it is our view that the statement in the satisfaction and discharge of the mortgage that the note had been paid was not conclusive evidence of payment. The Bank should have been allowed to attempt to show mistake in the execution of that document.

In his brief, Taylor relies upon Bagley v. Kerr, 166 Or. 368, 112 P.2d 459 (1941), which he contends establishes that the discharge of a mortgage is sufficient to show a renunciation under Section 122 of the Negotiable Instruments Law. That case, though similar to the present one, must be distinguished. Suit was filed on a promissory note executed and delivered to the plaintiff by the defendant. The note was secured by a mortgage on real property. The plaintiff executed and signed a release

of the mortgage. At a later date, the plaintiff sued on the note, contending that he had not intended to discharge the debt as well as the mortgage. In holding that the discharge of the mortgage established a renunciation under Section 122, the court stated:

We are satisfied that the plaintiff's entry in the mortgage records adjacent to the place where the mortgage in question was recorded constituted a renunciation of the plaintiff's rights under the note and mortgage. *That, we believe, was his purpose in making the entry— he wanted to forgive the debt*; and, as already indicated, the plaintiff, in effecting his purpose, followed the formula set forth in § 122 of the Uniform Negotiable Instruments Act. The result which he accomplished was an extinguishment of the debt.[10]

The case must be distinguished from the one before us. It is obvious from the quoted portion of the court's opinion that the intent with which the plaintiff executed the mortgage discharge was considered; the court finding from the evidence that it was the intent of the plaintiff "to forgive the debt".[11] Thus, even under the holding of *Bagley*, the purpose or intent with which a discharge is executed seems relevant. A mere statement of payment cannot, we believe, be viewed as conclusive evidence where a plaintiff seeks to show mistake in the execution of that statement.

 Further support for our holding may be found in cases construing Section 119 of the Negotiable Instruments Law which as we have indicated deals specifically with discharge of a note by payment.[12] The statute is, we believe, ap-

8. The defendant did not contend, as Taylor has done, that payment was actually made. It was argued instead that the language worked an effective renunciation under § 122 of the Negotiable Instruments Law.

9. Berryman v. Dore, 43 Idaho 327, 251 P. 757, 760 (1926).

10. Bagley v. Kerr, 166 Or. 368, 112 P.2d 459, 466 (1941). (Emphasis supplied.)

11. It is also worth noting that the court interpreted § 122 as applicable only to a forgiveness or gratuitous abandonment of a right; situations quite distinguishable from the present case where full payment is claimed. Bagley v. Kerr, 166 Or. 368, 112 P.2d 459, 466 (1941).

12. Subdivisions (1) and (2) of Section 119 of the Negotiable Instruments Law, enact-

plicable to the circumstances present in this case. Numerous cases construing that statute indicate that a statement on the face of a note stating that it has been "paid" is not conclusive evidence of payment.[13] While stamping or endorsing a note as paid may give rise to a presumption of payment, the presumption may be rebutted and recovery had upon a showing of mistake or error. When one considers that a statement of payment on the face of a note is not conclusive evidence, then it seems obvious that a statement of payment in a separate document, here the mortgage discharge, should not be conclusive evidence of payment. Cases construing Section 123 of the Negotiable Instruments Law, which deals with the unintentional cancellation of a note, have reached a like result where it has been contended that the note was mistakenly cancelled by marking it paid.[14] In our view, a simple statement indicating payment, whether on the face of a note or in a separate document, cannot support a dismissal where mistake is claimed. In such cases a showing of mistake in uttering the statement should be allowed.

We conclude that a trial should have been held in order that the Bank might show that the statement in the satisfaction and discharge which indicated payment was executed by mistake. Dismissal was improper.

As a second ground for dismissal Taylor's motion states "that the plaintiff has failed to prosecute his action since the filing in this court on August 8, 1969".

In arguing that it was proper for the court to dismiss the Bank's complaint for lack of prosecution, Taylor cites four instances of dilatory behavior on the Bank's part: (1) Allowing more than a year to expire after the case was at issue before filing a motion to set for pre-trial; (2) Allowing more than seven months to elapse after filing the motion for pre-trial before filing a pre-trial memorandum; (3) Allowing nearly four months to elapse after filing memorandum briefs before filing the Motion for Summary Judgment; and (4) Allowing more than six months to expire after filing the motion to set for trial without calling the case up. In his brief Taylor relies exclusively upon Alaska Rule of Civil Procedure 41(e) to support his contention that dismissal was proper. The rule allows a court to dismiss actions which have been pending for more than one year, without any action having been taken; it provides:

Actions which have been pending in a court for more than one year without any proceedings having been taken therein may be dismissed as of course, for want of prosecution, by the court or on motion at a call of the calendar. Such cases also may be dismissed for want of prosecution at any time on motion of any party upon notice to other parties.

Taylor relies specifically upon the lapse in excess of one year between the time the Bank filed Answers to Interrogatories and the time the Bank filed its Motion to Set for Pre-trial. As we construe the rule this lapse was insufficient to allow dismissal.

In our view, the rule applies only where the motion to dismiss is filed before the period of the lapse is terminated by some affirmative action, that is where the last act in the record occurred more than one

ed in Alaska as CLA § 27-1-161(1) and (2), provide:

A negotiable instrument is discharged:

(1) By payment in due course by or on behalf of the principal debtor;

(2) By payment in due course by the party accommodated, where the instrument is made or accepted for accommodation. * * *

13. Wittman v. Pickens, 33 Colo. 484, 81 P. 299 (1905); Dilenbeck v. Herrold, 183 Iowa 264, 164 N.W. 869 (1917); In re Philpott's Estate, 169 Iowa 555, 151 N.W. 825 (1915); Hanna v. McCrory, 19 N.M. 183, 141 P. 996 (1914); Broad and Market Nat'l Bank v. New York and Eastern Realty Co., 102 Misc. 82, 168 N.Y.S. 149 (1917).

14. Drake Lumber Co. v. Semple, 100 Fla. 1757, 130 So. 577 (1930); Young v. Bank of Sweetwater, 187 Ky. 71, 218 S.W. 463 (1920); Fox v. Mitchell, 302 Mich. 201, 4 N.W.2d 518 (1942).

year prior to the motion to dismiss. Here the Bank's motion for pre-trial terminated the lapse, and the Motion for Summary Judgment and motion to set for trial were filed subsequent to the lapse and prior to Taylor's motion to dismiss.

The purpose of Rule 41(e) is to encourage plaintiffs to keep their cases moving at a reasonable speed and to allow the court to clear the calendar of cases that are not being prosecuted diligently. Where, however, the lapse has already occurred and further proceedings have been taken, it is neither necessary or justifiable to allow dismissal because a party finds, as Taylor here found, that nearly two years prior to the motion to dismiss a lapse in excess of one year has occurred. We therefore hold that the present action was not properly dismissable under Civil Rule 41(e).

We also feel constrained to mention Alaska Rule of Civil Procedure 41(b), which while not mentioned or relied upon by Taylor, might be viewed as supporting dismissal. In relevant part, it provides:

> For failure of the plaintiff to prosecute * * * a defendant may move for dismissal of an action or of any claim against him.

Rule 41(b) of the Federal Rules of Civil Procedure is similar to the Alaska Rule 41(b), and the sentence quoted above, is identical in both rules. 2B Barron & Holtzoff, Federal Practice and Procedure § 918, at 139–40 states that under Federal Rule 41(b):

> The matter is within the discretion of the court. * * * However where plaintiff is prosecuting his claim with diligence, the action cannot be dismissed because at some earlier time plaintiff failed to act with diligence. (Footnotes omitted.)

As we have indicated the Bank took prosecutorial action subsequent to the initial lapse of greater than one year. On these facts which arguably indicate that the Bank proceeded with diligence after

the initial delay and in the absence of reliance upon Rule 41(b) by Taylor, we decline to say that dismissal was proper under the rule.

Reversed.